IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3638 |
| | § | |
| TRANSOCEAN DEEPWATER DRILLING INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Transocean Deepwater Drilling, Inc., the respondent in this suit, asks this court to stay a petition to enforce administrative subpoenas issued by the United States Chemical and Hazard Investigation Board relating to various aspects of the Deepwater Horizon explosion and fire that resulted in a massive oil spill, pending the MDL Panel's ruling on whether a transfer to the Eastern District of Louisiana as part of MDL-2179 is appropriate.

This action was filed on October 12, 2011. The action seeks to enforce five administrative subpoenas issued from November 24, 2010 to April 7, 2011. Transocean filed a notice of related action with the MDL Panel, which issued a conditional transfer order. On October 26, 2011, the United States filed a motion to vacate that conditional transfer order. The MDL Judicial Panel has set a briefing schedule to decide the motion. Under that briefing schedule, the United States filed its brief in support of the motion to vacate on November 8, 2011, and Transocean's response is due on November 29, 2011. In the meantime, November 4, 2011 was the due date for Transocean to file

an answer or responsive pleading in this court. Both sides seek expedited consideration of the motion to stay.

Both sides agree on the legal standard. This court must consider: the potential prejudice to the nonmoving party if a stay is granted; the hardship and inequity to the moving party if the stay is denied; and judicial efficiency and economy. The United States argues that any delay is intolerable and emphasizes the narrow issue that an administrative subpoena enforcement proceeding presents. The United States emphasizes that even if discovery in other cases is another source for information sought through the subpoenas, that does not excuse compliance. Transocean responds that despite the distinct and narrow nature of an administrative subpoena enforcement proceeding, the issues in this proceeding substantially overlap with those before the MDL transferee court. Transocean argues that through its work on the discovery issues in the MDL, the transferee court is already familiar with many of the issues, documents, and information that are the subject of this proceeding.

Both sides have raised valid arguments. The record supports Transocean's assertion that it will be prejudiced by having to litigate the issue of subpoena compliance in this case and perhaps respond to written discovery and document production requests that are duplicative of the MDL proceedings if the stay is denied and the MDL Panel decides not to vacate the conditional transfer order. The record is much less clear that the government will suffer significant prejudice by the delay in this court while the MDL Panel determines whether to grant the government's motion to vacate. The MDL Panel has set a very efficient briefing schedule on the motion to vacate. It is reasonable to anticipate that the delay will be short. The interests of judicial efficiency and economy

are best served by granting this stay for the relatively short period anticipated for the MDL Panel to decide whether to transfer.

Transocean's motion for expedited consideration, (Docket Entry No. 2), is granted. The motion to stay, (Docket Entry No. 3), is granted.[1]  Within seven days after the MDL Panel issues its decision, the parties must notify this court in writing and, if the Panel vacates the conditional transfer order, the parties must submit an appropriate order lifting the stay and suggesting a schedule for determining the issues in this proceeding.

SIGNED on November 28, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] The United States filed a motion to strike Transocean's reply to the response to the motion to stay. Because Transocean's reply does not change this court's resolution of the motion to stay, the motion to strike, (Docket Entry No. 12), is denied as moot.