IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3638 |
| | § | |
| TRANSOCEAN DEEPWATER DRILLING INC., | § | |
| | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER DENYING STAY**

The respondent, Transocean Deepwater Drilling, Inc. (Transocean), asks this court to stay its order enforcing subpoenas issued by the United States Chemical Safety Board (CSB).[1] When parties ask a district court to stay enforcement of an order or judgment requiring action other than paying damages, it is common for those parties to argue that without the stay, the appeal will be too late. In some cases, that argument is enough. But in many cases, particularly when the order requires producing documents, the party seeking to delay enforcement must show that it will suffer

---

[1] This court has jurisdiction to stay its final judgment pending appeal under Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure. *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2902 (3d ed. 2012) ("A party who prefers to appeal can file a notice of appeal and seek a stay pending appeal as provided in Rule 62(c) and (d) and in Appellate Rule 8(a) and (b). . . . [T]he trial court, under Rule 62(c), and the appellate court, under Rule 62(g), have ample power to make whatever order is appropriate in injunction cases . . . . [T]he court should not grant a stay in these cases as a matter of course but should consider carefully the harm that a stay might cause to the party who has obtained the judgment and balance this against the harm that denial of a stay would cause to the losing party."); *see also* FED. R. APP. P. 8(a)(1)(A) ("A party must ordinarily move first in the district court for the following relief: a stay of the judgment or order of a district court pending appeal[.]"); *N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters*, 2005 WL 926969, at *1 (S.D.N.Y. Apr. 19, 2005) ("When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. An exception exists under the Federal Rules of Civil Procedure, however, that allows the district court to retain jurisdiction to issue an order to preserve the status quo pending appeal.").

more harm than producing the documents before the order can be appealed. In this case, the party seeking delay relies primarily on the argument that it has a valid basis to resist producing the subpoenaed documents and should not have to do so unless and until the appellate court says it must. That argument is not enough to justify a stay. Based on the record and the applicable law, this court denies the motion to stay. The reasons are explained below.

**I.     Background**

The United States filed this petition to enforce subpoenas requiring Transocean, which owned the drilling rig *Deepwater Horizon,* to produce documents relating to the release of chemicals caused by the May 2010 explosion and fire on the rig. Transocean moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the petition or, alternatively, to quash the subpoenas, on the ground that the CSB lacked jurisdiction to issue them. (Docket Entry No. 23). The court heard oral argument, denied the motion to dismiss, and entered final judgment. (Docket Entry No. 33, 43, 45, 50). Transocean appealed and moved the court for a stay pending appeal. (Docket Entry No. 51, 53). The court ordered the parties to submit additional briefing in response to the Supreme Court's recent decision in *City of Arlington v. FCC*, 11-1545. (Docket Entries No. 57, 58, 59).

Transocean argues that it is entitled to a stay because complying with this court's final judgment by producing the subpoenaed records and information would moot the appeal before the Fifth Circuit could rule. (Docket Entry No. 53, at 2). Transocean argues that the appeal presents a substantial question about the CSB's authority, that allowing the appeal to become moot would be against the public interest, and that the CSB would not be harmed by a stay. The government responded that Transocean has not met its burden for a stay. (Docket Entry No. 55). The government argues that Transocean had no substantial likelihood of success on the merits because

its statutory-interpretation arguments were either not properly preserved for appeal or were meritless; that compliance with the subpoenas would not moot the appeal; and that continued delay would obstruct or frustrate the CSB's investigation and disserve the public interest. Transocean replied that it had presented a sufficient case on the merits to support a stay, that its arguments were not procedurally defective, and that there was a substantial likelihood that this court had misinterpreted statutory terms supporting the CSB's jurisdiction. In its surreply, the government presented additional support for its arguments that compliance would not moot the appeal and that delay would harm the investigation.

These arguments and responses are discussed below.

## II. The Legal Standard for a Motion to Stay Pending Appeal

"'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Ind. State Police Pension Trust v. Chrysler, LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). "A stay is an 'intrusion into the ordinary processes of administration and judicial review . . . . The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of [final] orders . . . ." *Nken*, 556 U.S. at 427 (quoting *Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) (per curiam)).

A court decides whether to grant a stay pending appeal based on the following factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1027 (2013) (quoting *Nken*, 556 U.S. at 434); *Moore v. Tangipahoa Parish Sch. Bd.*, 2013 WL 141791, at *2 (5th Cir. Jan. 14, 2013) (per curiam) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the . . . standard are the most critical." *Nken*, 556 U.S. at 434. The movant has the burden to satisfy the four factors. *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

The movant must make "'a strong showing that [it] is likely to succeed on the merits.'" *Moore*, 2013 WL 141791, at *3 (alteration in original) (quoting *Hilton*, 481 U.S. at 776). "[T]he movant need not always show a 'probability' of success on the merits." *Ruiz*, 650 F.2d at 565. "[I]nstead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.*; *see also Nken*, 556 U.S. at 434 (noting that the movant must show "[m]ore than a mere possibility of relief"); *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992) ("[P]resentation of a substantial case is only the threshold requirement. That threshold step alone is not sufficient. . . . [A] 'serious legal question' . . . [and] demonstrat[ing] a heavy weight of equity in favor of the stay [is also required].").

### III. Analysis

#### A. Success on the Merits

The parties dispute the showing that a likelihood of success on the merits requires. It appears that a movant may satisfy this element through a "strong showing" that it is "likely to succeed on the merits," *Chafin*, 133 S. Ct. at 1027, by "present[ing] a substantial case on the merits" in which (1) a "serious legal question is involved" and (2) the movant "show[s] that the balance of the equities

weighs heavily in favor of granting the stay." *Ruiz*, 650 F.2d at 565; *see also Asarco, LLC v. Ams. Mining Corp.*, 419 B.R. 737, 741 (S.D. Tex. 2009) (describing a serious legal question as a "question of substantial import to others, the resolution of which could have 'far-reaching effects'" (quoting *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992))). Transocean argues that it has a substantial case and that the appeal presents serious legal questions about the CSB's jurisdiction. The government argues that Transocean must show that success on the merits is more than merely "possible" and that the balance of the equities heavily favors the stay.

This court concludes that Transocean has presented a substantial case on the merits. This appeal presents substantial and unsettled questions of statutory and regulatory interpretation. The questions include whether, under the Clean Air Act and related regulations, the *Deepwater Horizon* qualifies as a "stationary source" and whether the release of gasses from the seabed went into the "ambient air." This conclusion is bolstered by the parties' supplemental briefing on *City of Arlington,* with its emphasis on the deference due an agency's interpretation if statutory and regulatory terms are ambiguous and open to agency interpretation. (*See* Docket Entries No. 58, 59).

The issue is whether the balance of the equities heavily favors a stay.

### B.     Irreparable Injury

Transocean argues that "a stay of judgment should be granted to protect the status quo pending appeal, particularly when the failure to do so would effectively deprive a party of its appellate rights." (Docket Entry No. 53, at 11 (citing *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals."); *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (finding that the public interest favors staying an injunction to

preserve status quo pending appeal); *Buntzman v. Springfield Redevelopment Auth.*, 918 F. Supp. 29, 30 (D. Mass. 1996) (entering a stay because the plaintiff's appellate rights would be mooted if judgment were not stayed). According to Transocean, the loss of its appellate rights caused by compliance with the subpoenas heavily weighs in favor of granting the stay.

"'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Decker v. Nw. Env. Def. Ctr.*, 133 S. Ct. 1326, 1335 (2013) (quoting *Knox v. Service Emps. Int'l*, 132 S. Ct. 2277, 2287 (2012)). "'As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 133 S. Ct. at 1023 (quoting *Knox*, 132 S. Ct. at 2287). "While a court may not be able to return the parties to the status quo ante," compliance with an order to take certain actions does not moot an appeal if "a court can fashion *some* form of meaningful relief." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992) (emphasis omitted).

Compliance with this court's final judgment will require Transocean to respond to and produce documents in accordance with the CSB's subpoenas. If Transocean complies with the subpoenas and prevails on appeal, meaningful relief could still be fashioned by the appellate court's clarifying the CSB's jurisdiction, requiring the CSB to return or destroy Transocean's documents, or requiring that the CSB not use the subpoenaed information in subsequent investigations, reports, or proceedings. *See, e.g.*, *United States v. Chevron U.S.A., Inc.*, 186 F.3d 644, 647 (5th Cir. 1999) ("Were we to vacate the enforcement order on any of the grounds Chevron advances, MMS would be required to return documents produced in response to the subpoenas, alleviating Chevron's concern. . . . [A] case [is] not moot where [the] court can still grant some relief by ordering documents returned or destroyed." (citing *In re Grand Jury Subpoena*, 148 F.3d 487, 490 (5th Cir.

1998)); *FTC v. Gibson*, 569 F.2d 900, 903 (5th Cir. 1978) ("Although Gibson has now substantially complied with these [administrative] subpoenas and the FTC has indicated it will not pursue further proceedings, we believe the controversy is still alive. If this case were decided in Gibson's favor, relief would be available by an order requiring the FTC to return the subpoenaed documents and to forbid use of the materials in the adjudicatory hearing.").

Transocean argues that these remedies would be meaningless because there is no ongoing adjudicatory proceeding in which the documents and information might be used and because Transocean has not explicitly asserted a privacy interest in its documents that an order to return the documents would protect. (Docket Entry No. 56, at 10–12). But even if Transocean produces the subpoenaed documents, it will continue to have a strong interest in the outcome of its challenge to the CSB's authority to issue the subpoenas in the first place. Transocean will also retain at least some interest in its own documents.

The case of *United States v. Construction Products Research, Inc.*, 73 F.3d 464 (2d Cir. 1996), is instructive. The respondents in that case refused to comply with a subpoena to the extent that it sought production of privileged documents, but complied to the extent that it sought nonprivileged documents. *Id.* at 469. The subpoenaed documents were "(1) all documents related to [an employee]'s termination; (2) [the employee]'s personnel file; (3) all of Respondents' policies, procedures, and requirements regarding involuntary terminations; and (4) 'position descriptions of jobs' held by [three] employees." *Id.* at 468. The court rejected an argument that the appeal was moot:

> We further note that although Respondents have largely complied with the subpoena, they have not surrendered the allegedly privileged documents. Thus, this case is not moot, at least as to those documents. Even as to the surrendered documents, the case is not moot because Respondents still contest the authority of the NRC to have issued

> the subpoena in the first place. "[S]o long as the appellant retains some interest in the case, so that a decision in its favor will inure to its benefit, its appeal is not moot." *New England Health Care Employees Union v. Mount Sinai Hosp.*, 65 F.3d 1024, 1029 (2d Cir. 1995). Here, Respondents have a privacy interest in all the documents, and will be entitled to their return if the enforcement order should be vacated. *Church of Scientology*, 506 U.S. at 11–14, 113 S. Ct. at 449–50 (holding that producing the records sought by the allegedly unlawful summons did not moot the issue, because summoned party has a privacy interest in getting them back); *Reich v. Montana Sulphur & Chemical Co.*, 32 F.3d 440, 443-44 n.4 (9th Cir. 1994) (same).

*Constr. Prods. Research*, 73 F.3d at 469; *cf. In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 483 (10th Cir. 2011) ("While we readily acknowledge that no perfect remedy can be obtained once a party discloses information which it has a right and a desire to keep private, the absence of a perfect remedy does not justify a less-than-strict adherence to the final judgment rule. 'That a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment . . . has never sufficed.'" (quoting *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 603 (2009)). Here, as with the documents at issue in *Construction Products* and similar cases, Transocean has an interest in obtaining an appellate court ruling on the agency's authority to issue the subpoenas. It has an ongoing interest in its own documents. Those interests survive Transocean's document production and will not be moot because of the production.

To the extent Transocean argues irreparable harm from the burden of a production that could prove unnecessary if Transocean succeeds on appeal, this argument is unpersuasive. Transocean has repeatedly emphasized that many other government agencies have already sought and obtained much of the information Transocean now seeks to avoid producing to the CSB. (*See, e.g.*, Docket Entry No. 31, at 7 ("The Department of the Interior and Department of Homeland Security conducted an extensive joint investigation over a period of several months, involving testimony from dozens of witnesses and experts and extensive document productions and reviews."); Docket Entry

No. 53, at 12 ("[T]he United States has already received exhaustive information, documents, and records from Transocean concerning the BP Oil Spill.")). The harm to Transocean from producing documents again is less than the burden of producing documents, particularly if they are subject to privilege claims, in the first instance. The harm to Transocean in avoiding the reproduction of nonprivileged documents already provided other government agencies is insufficient for a stay.

Transocean's interests, including its interest in resolving the legal issues of the CSB's jurisdiction, continue past subpoena compliance. Denying the stay does not make the appeal moot. This factor does not favor granting the stay.

### C. Substantial Injury to the Opposing Party

The government argues that information sought by the subpoenas is critical to the CSB's analysis of Transocean's policies and procedures leading up to the releases and to aspects of rig design that may have contributed to the releases. Because Transocean is the primary source of this information and has refused to supply it, CSB has not been able to complete its investigation. (Docket Entry No. 55, at 15 (citing Docket Entry No. 55, Ex. A, MacKenzie Decl,, at 2–3, ¶¶ 4–5)). A stay would further delay the CSB's Macondo investigation. Transocean's argument that the CSB will not be harmed because Transocean has already produced documents concerning the Macondo explosion to other government agencies is unpersuasive. *See supra* note 2. The subpoenas include some requests for information from Transocean that have not been provided to other agencies. And production of certain documents to other agencies does not satisfy an obligation to produce information to the agency issuing the administrative subpoenas. *See Chevron*, 186 F.3d. at 650 (the claim that subpoenaed materials have been produced to one government party is not a defense to a

failure to comply with a subpoena from a different government party). This factor weighs against a stay pending appeal.

### D. The Public Interest

In actions brought by federal agencies, "the government's interest is in large part presumed to be the public's interest." *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 440 (7th Cir. 1991). The government argues that continued delay to the CSB's safety investigation would cause additional injury to the government's effort to complete its safety investigation, and thus additional injury to the public. The nature of the investigation into aspects of public and worker safety bolsters the link between the CSB's interests and the public interest.

Transocean argues that there is a countervailing interest in preventing appeals from becoming moot and to resolve complex legal issues of public significance. But denying the stay does not moot the jurisdictional issues Transocean has raised. On balance, this court cannot conclude that the public interest would be better served through a stay than through compliance with the final judgment enforcing the administrative subpoenas.

## IV. Conclusion

The motion to stay this court's final judgment pending appeal is denied.

SIGNED on June 17, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge